IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SIABO JOHNSON, | :: | HABEAS CORPUS |
| Petitioner, | :: | 28 U.S.C. § 2241 |
| | :: | |
| v. | :: | |
| | :: | |
| LORETTA LYNCH, *Attorney General;* et al., | :: | CIVIL ACTION NO. 1:16-CV-0304-TWT-RGV |
| Respondents. | :: | |

**FINAL REPORT AND RECOMMENDATION**

On February 1, 2016, petitioner Siabo Johnson, who was then confined in the Atlanta City Detention Center in Atlanta, Georgia, filed this pro se 28 U.S.C. § 2241 petition to challenge his ongoing detention while he awaits removal from the United States.  This matter is currently before the Court on the petition, [Doc. 1], and respondent's motion to dismiss, [Doc. 3].  Because petitioner has not responded to the motion to dismiss, it is deemed unopposed.  See LR 7.1B, NDGa.  For the reasons that follow, it is **RECOMMENDED** that respondent's motion to dismiss, [Doc. 3], be **GRANTED**.

According to petitioner, he is a native and citizen of Liberia and has been in the custody of U.S. Immigration and Customs Enforcement ("ICE") since November 4, 2013.  [Doc. 1 ¶¶ 1, 10].  Relying on Zadvydas v. Davis, 533 U.S. 678 (2001),

AO 72A
(Rev.8/82)

petitioner contends that he should be released from custody because ICE has detained him beyond the presumptively reasonable six-month period and because there is no significant likelihood of his removal in the reasonably foreseeable future. [Id. ¶¶ 12, 14-17]. Respondents have submitted documentation showing that ICE released petitioner on February 18, 2016, [Doc. 3-1], and thus move to dismiss the petition as moot, [Doc. 3].

The Court agrees that this action should be dismissed as moot because there is no longer a live case or controversy and the Court can no longer provide petitioner the relief he seeks. See Spencer v. Kemna, 523 U.S. 1, 7 (1998) (The constitutional "case-or-controversy requirement subsists through all stages of federal judicial proceedings" and requires that the petitioner "have suffered, or be threatened with, an actual injury . . . likely to be redressed by a favorable judicial decision."); Soliman v. U.S. ex rel. INS, 296 F.3d 1237, 1243 (11th Cir. 2002) (per curiam) (holding that § 2241 petition challenging detention pending removal became moot when the petitioner was removed); Khader v. Holder, 843 F. Supp. 2d 1202, 1202 (N.D. Ala. 2011) (dismissing § 2241 petition as moot because ICE released the petitioner under an order of supervision pending removal while the action was pending). Accordingly, **IT IS**

**RECOMMENDED** that respondent's unopposed motion to dismiss, [Doc. 3] be **GRANTED** and that this action be **DISMISSED AS MOOT**.

The Clerk is **DIRECTED** to terminate the referral to the Magistrate Judge.

**SO RECOMMENDED** this 6th day of April, 2016.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE